## 68323. CROSS v. CABLEVISION OF AUGUSTA, INC.
### (323 SE2d 713)

McMurray, Chief Judge.

Defendant is in the business of providing a cable television service. On August 20, 1982, two of defendant's employees, during the course of an investigation of possible unauthorized hookups, were on the premises of a mobile home park when they noticed a cable installation which had obviously not been installed by defendant. The materials such as cable and connections used were unlike those used by defendant and the route over which the cable was installed varied from defendant's practices, going through the window of the trailer rather than underneath and through the floor.

Defendant's employees radioed their office to determine if the location in question had an account and learned that it did not. The defendant's two employees removed the cable connection from the residence in question, and one of the employees subsequently procured a warrant for plaintiff's arrest for the offense of avoiding charges for use of cable television service (OCGA § 46-5-2). Criminal prosecution of plaintiff was dismissed prior to trial by the defendant.

Plaintiff subsequently initiated this action for malicious prosecution. Following discovery, the trial court granted defendant's motion for summary judgment and plaintiff appeals. *Held*:

The primary issue presented in the case sub judice is whether defendant's evidence pierces the allegations of plaintiff's complaint as to the absence of probable cause for prosecution of plaintiff. Defendant relies upon the testimony of its two employees who discovered the illegal cable installation to show that defendant had reasonable cause to believe that plaintiff was responsible for the installation.

Monahan, the employee of defendant who swore out the arrest warrant, testified that after finding the illicit cable television installation he had inquired with the manager of the mobile home park to determine the identity of the resident of the trailer in question and learned that the lease was in the name of the plaintiff. The second employee testified that he was a bystander at that conversation. Monahan also stated that before swearing out the arrest warrant he verified plaintiff's name by telephoning Georgia Power Company to determine to whom electricity was billed at that residence. However, the deposition of the manager of the mobile home park sets forth her testimony that there had been no inquiry in regard to plaintiff by defendant's employee. Thus, the credibility of defendant's employees is placed at issue in the case.

Defendant urges that even if there is a contradiction as to whether its employees inquired with the manager of the mobile home park as to the identity of the person residing in the trailer in question, it is uncontradicted that plaintiff's identity in relation to that

residence was obtained by an independent source, the telephone call to Georgia Power Company. However, the testimony of defendant's employee witnesses having been contradicted as to a material issue their credibility as to all matters is for the jury. *Raven v. Dodd's Auto Sales & Svc.*, 117 Ga. App. 416, 421 (3) (160 SE2d 633). As genuine issues of material fact remain for jury determination, the trial court erred in granting defendant's motion for summary judgment.

*Judgment reversed. Deen, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 7, 1984.

*William H. Lumpkin*, for appellant.
*John I. Harper*, for appellee.