A89A0065. QUEEN v. KROGER COMPANY.
(381 SE2d 413)

POPE, Judge.

Plaintiff Deborah Beach Queen slipped and fell on grapes which had fallen to the floor in the produce department of defendant Kroger Company's store. Two employees were standing nearby where the plaintiff fell but both employees had their backs to the place where she fell and were engaged in bagging and weighing produce. Both employees testified on deposition that they had not seen the grapes on the floor prior to plaintiff's fall. One of the employees testified it was his duty to keep the produce department clean and to check every fifteen to twenty minutes to see if the area needed to be swept. He testified he had last swept the floor approximately ten to twenty minutes before plaintiff fell. Summary judgment was granted to defendant and plaintiff appeals.

1. "There are two different classes of [premises liability] cases which may be based on constructive knowledge. The first is that type where liability of the defendant is based on the fact that an employee of the defendant was in the immediate area of the dangerous condition and could have easily seen the substance and removed the haz-

ard. [Cits.] . . . The second type of case is that based on the duty of the defendant to exercise reasonable care in inspecting and keeping the premises in safe condition. [Cit.] To sustain plaintiff's cause of action in the latter case it is necessary that he prove 'a period of time the dangerous condition has been allowed to exist. Without such (proof) it would not be possible to determine whether the defendant had been afforded a reasonable time within which to inspect and remove the hazard.' [Cit.]" *Winn-Dixie Stores v. Hardy*, 138 Ga. App. 342, 345 (226 SE2d 142) (1976). Defendant in this case successfully pierced plaintiff's complaint as to each of these two theories by which constructive knowledge may be shown. Although two employees were nearby, the undisputed evidence showed they were not facing the area where the grapes had fallen to the floor. No evidence was presented by which it could be determined that the condition had existed for a sufficient period of time to afford defendant a reasonable opportunity to discover and remove the hazard. The fact that two of the grapes were "smashed" provides no indication of the length of time they had been on the floor. They could have been stepped on or run over with a grocery cart by the plaintiff, herself, or by another person immediately before plaintiff fell. Under the circumstances, the mere proximity of the two employees to the spot where plaintiff fell presents no issue of constructive knowledge. See *Rush v. Food Giant*, 183 Ga. App. 388 (1) (358 SE2d 919) (1987).

2. One of defendant's employees testified it was his practice to inspect and sweep the produce department floor every fifteen to twenty minutes. He also admitted he frequently found grapes which had fallen to the floor. Plaintiff argues that an issue remains as to whether defendant was negligent in failing to inspect the area more frequently given defendant's knowledge that grapes fell to the floor. However, plaintiff's argument assumes that the grapes on which she fell were on the floor for the full ten to twenty minutes since the employee had last swept the area. In fact, no evidence was presented to establish the period of time the hazard had existed. Even though grapes frequently fell to the floor, no evidence suggests that the grapes on which plaintiff fell had been on the floor for a sufficient period to afford defendant the opportunity to discover and remove the hazard. Moreover, the area where plaintiff fell was not immediately adjacent to the grape display case but was on a different aisle. The employee testified he did not usually find grapes on aisles other than the one where the grapes were displayed. "It is well settled that a proprietor is under no duty to patrol the premises continuously in the absence of facts showing that the premises are unusually dangerous." *Mazur v. Food Giant*, 183 Ga. App. 453 (359 SE2d 178) (1987). The facts of this case are distinguishable from those of *Geiger v. Brooks Super Market*, 119 Ga. App. 57 (166 SE2d 580) (1969), cited

by plaintiff, wherein the evidence showed a constant and continuous hazard from falling produce on the particular day of plaintiff's injury. The facts of this case do not establish an issue of negligent failure to inspect.

3. Plaintiff also argues an issue remains as to whether the manner in which defendant displayed the grapes was unnecessarily dangerous. No evidence was presented which would support this notion. The grapes on which plaintiff fell were not immediately adjacent to the grape display, so it is obvious they did not fall from the display counter. It is common knowledge that most produce in a grocery store is offered loose and unpackaged for customer selection. The fact that defendant displayed the grapes in loose bunches, without more, does not create an issue of negligence.

4. Finally, the lower court did not err in basing its grant of summary judgment on the cases of *Mazur v. Food Giant*, supra, and *Mitchell v. Food Giant*, 176 Ga. App. 705 (337 SE2d 353) (1985). In both the cited cases, as in the case at hand, no evidence was presented to establish that the food which had fallen to the floor had been present for a sufficient period of time for knowledge of its existence to be imputed to the defendant. In *Mitchell*, as in the case at hand, no evidence was presented to show that the defendant's employee(s), even though located nearby, actually had a view of the affected area. The court did not err in granting summary judgment to defendant.

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED APRIL 4, 1989.

*Edwin M. Saginar, Andrew N. Gross*, for appellant.
*Douglas A. Wilde, Kent T. Stair*, for appellee.