A91A0301. MALLORY v. PIGGLY WIGGLY SOUTHERN, INC.
(408 SE2d 443)

POPE, Judge.

Plaintiff appeals the trial court's grant of summary judgment to defendant in this slip and fall case.

1. "[I]n order to state a cause of action in a case where the plaintiff alleges that due to an act of negligence by the defendant he slipped and fell on a foreign substance on the defendant's floor, the plaintiff must show (1) that the defendant had actual or constructive knowledge of the foreign substance and (2) that the plaintiff was without knowledge of the substance. . . ." *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980). "Thus, in order for a defendant to successfully move for summary judgment in a foreign substance slip and fall case, it must come forward with evidence tending to show that (1) it had neither actual nor constructive knowledge of the foreign substance or that (2) plaintiff had knowledge of the substance." *Baggs v. Chatham County Hosp. Auth.*, 187 Ga. App. 834,

836 (2) (371 SE2d 653) (1988).

In this case plaintiff alleges she slipped on an onion peel on the floor near the produce department of defendant's store. The evidence in the record shows neither plaintiff nor defendant had actual knowledge of the onion peel prior to plaintiff's fall. Thus, the ultimate issue to be resolved is whether the evidence in the record is sufficient to show that defendant had no constructive knowledge of the foreign substance. See generally *Filmore v. Fulton-DeKalb Hosp. Auth.*, 170 Ga. App. 891 (318 SE2d 514) (1984).

"There are two different classes of [premises liability] cases which may be based on constructive knowledge. The first is that type where liability of the defendant is based on the fact that an employee of the defendant was in the immediate area of the dangerous condition and could have easily seen the substance and removed the hazard. [Cits.] . . . The second type of case is that based on the duty of the defendant to exercise reasonable care in inspecting and keeping the premises in safe condition. [Cits.] To sustain plaintiff's cause of action in the latter case it is necessary that he prove 'a period of time the dangerous condition has been allowed to exist. Without such (proof) it would not be possible to determine whether the defendant had been afforded a reasonable time within which to inspect and remove the hazard.' [Cit.]" *Winn-Dixie Stores v. Hardy*, 138 Ga. App. 342, 345 (226 SE2d 142) (1976). See also *Queen v. Kroger Co.*, 191 Ga. App. 249 (381 SE2d 413) (1989). Here, the defendant, as the movant for summary judgment, has the burden "to show that, as to its lack of constructive knowledge under either theory, no genuine issue remained." (Italics omitted.) *Food Giant v. Cooke*, 186 Ga. App. 253, 254 (366 SE2d 781) (1988).

"Defendant in this case successfully pierced plaintiff's complaint as to each of these two theories by which constructive knowledge may be shown. Although [defendant's employee was] nearby, the undisputed evidence showed [he was] not facing the area where the [onion peel] had [been on] the floor. No evidence was presented by which it could be determined that the condition had existed for a sufficient period of time to afford defendant a reasonable opportunity to discover and remove the hazard. . . . [No evidence was presented to show that defendant's employee, even though located nearby, actually had a view of the affected area.] Under the circumstances, the mere proximity of the [employee] to the spot where plaintiff fell presents no issue of constructive knowledge." *Queen v. Kroger Co.*, supra at 250. "[Plaintiff's] sole avenue of possible recovery[, therefore,] is one in which constructive knowledge on the part of [defendant] is premised upon [defendant's] failure to exercise reasonable care in inspecting and keeping the premises in safe condition. The affidavits [and depositions] executed by [defendant's employees] effectively ne-

gate recovery on that theory." *Filmore v. Fulton-DeKalb Hosp. Auth.*, supra at 893.

" 'A lack of actionable constructive knowledge is normally established in [exercising reasonable care in inspecting and keeping the premises in safe condition] cases by evidence of compliance with reasonable inspection and/or cleaning procedures. (Cits.) . . .' [Cit.]" *Baggs v. Chatham County Hosp. Auth.*, supra at 836 (3). Evidence establishing an adherence to customary inspection and cleaning procedures on the specific day in question is required, while proof of the mere existence of such customary procedures is insufficient. *Food Giant v. Cooke*, supra at 255.

Defendant provided evidence of its inspection and cleaning procedures and evidence that there had been adherence to those procedures the day plaintiff fell. Defendant's store manager, Randall Daniels, testified he personally patrolled each aisle of the store every one-and-a-half hours on the day in question. He further testified the floors in and around the produce department were thoroughly swept approximately three or four times during business hours each day and that this procedure was followed the day plaintiff fell. Moreover, the assistant produce manager, Shane Jones, testified he swept in and around the produce area at least every 30 minutes while on duty at defendant's store and that this procedure was followed the day plaintiff fell. Jones further testified he personally swept the area where plaintiff fell approximately five minutes before the fall and that the floor was free of debris at that time. This evidence of cleaning and inspection procedures, which were followed by defendant's employees the day plaintiff fell, is sufficient to pierce plaintiff's theory that defendant had constructive knowledge of the onion peel because it failed to exercise reasonable care in inspecting and cleaning the premises. "It is well established that a proprietor is under no duty to patrol the premises continuously in the absence of facts showing that the premises are unusually dangerous. [Cits.] Where it appears a foreign object had 'not been present for more than 10 to 15 minutes, the allegations show no actionable negligence on the part of the proprietor in failing to discover it.' *Jones v. West End Theatre Co.*, 94 Ga. App. 299, 303 (94 SE2d 135) (1956)." *Mazur v. Food Giant*, 183 Ga. App. 453, 454 (1) (359 SE2d 178) (1987). Plaintiff's allegation that she saw other debris on the floor immediately after she fell is not inconsistent with the testimony that the onion peel was not present on the floor five minutes earlier. It is foreseeable that debris from produce would fall to the floor of the produce department when customers handled the produce during ordinary shopping, and that this could occur within five minutes after an inspection and sweeping.

2. Plaintiff, relying on cases applying the "contradictory testimony rule," also argues that inconsistencies in Jones' testimony pre-

cludes summary judgment in favor of defendant. The "contradictory testimony rule" applies to testimony presented in support or response to a motion for summary judgment and "provides that 'a party's self-conflicting testimony is to be construed against him. . . .' *Gentile v. Miller &c., Inc.*, 257 Ga. 583 (361 SE2d 383) [(1987)]; *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) [(1986)]. If a reasonable explanation is offered for the contradiction, however, the inconsistency will not be construed against the party witness. The burden rests on the party giving the contradictory testimony to tender the reasonable explanation, and whether this has been done is an issue of law. *Gentile*, supra at 583. But if no explanation is given for the conflict in testimony or 'a party's explanation . . . is determined to be unreasonable, the trial court must *eliminate* the favorable portions of the contradictory testimony and then take all testimony on motion for summary judgment, " 'as it then stands, and construe it in favor of the party opposing the motion in determining whether a summary judgment should be granted.' " ' Id." *Stone v. Dayton Hudson Corp.*, 193 Ga. App. 752, 755 (388 SE2d 909) (1989).

The deposition and affidavit testimony of defendant's assistant produce manager, Jones, contains inconsistencies for which the record shows no reasonable explanation. One inconsistency concerns the order of events surrounding Jones' sweeping the produce department floor five minutes before plaintiff fell. There are conflicts as to which area in the produce department he swept first and as to when he spoke with a fellow employee during that time. In both his affidavit and his deposition, however, Jones is unequivocal that he swept the area in question just minutes before plaintiff fell. Thus, this case is distinguishable from *Stone*, supra, relied on by plaintiff, in which the appellee's store manager's inconsistent statements cast doubt on whether the manager had indeed inspected the area where the plaintiff fell. See id. at 754. In the instant case, there are no inconsistencies as to whether Jones swept the produce area just prior to plaintiff's fall. Conflicts in the record as to which area of the produce department he swept first and to when he spoke to his fellow employee do not raise issues of material fact precluding a grant of summary judgment. The fact remains undisputed that the area in question was swept.

The other inconsistency found in Jones' affidavit and deposition testimony involves whether Jones was aware of plaintiff's fall at the time it occurred. Whether Jones knew plaintiff fell does not involve a material fact in this case; it does not prove or disprove constructive knowledge on his part. Again, no factual issue is raised by the inconsistencies precluding the grant of summary judgment.

3. Finally, plaintiff contends that contradictions between Jones' testimony and the testimony of another employee precludes summary

judgment in defendant's favor. The law is clear in Georgia that " '[w]here a question of credibility arises as to a *material issue*, summary judgment should not be granted. [Cits.]' [Cits.]" (Emphasis supplied.) *Ash v. Spear*, 137 Ga. App. 12, 13 (223 SE2d 26) (1975). See also *Cherokee County Hosp. Auth. v. Beaver*, 179 Ga. App. 200, 205 (3) (345 SE2d 904) (1986); *Cross v. Cablevision of Augusta*, 172 Ga. App. 530, 531 (323 SE2d 713) (1984) ("the testimony of defendant's employee witnesses having been contradicted as to a material issue their credibility as to all matters is for the jury"). The inconsistencies between Jones' testimony and that of his fellow employee involve whether Jones knew plaintiff fell and the circumstances surrounding Jones' sweeping just prior to the fall, not whether Jones had swept or not. While the record shows there are contradictions between Jones' testimony and that of his fellow employee as to these matters, as previously discussed, these contradictions do not involve issues of material fact, and as such, do not preclude summary judgment on the issue of defendant's constructive knowledge. Thus, the trial court's grant of defendant's motion for summary judgment was proper.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED JUNE 24, 1991 —
RECONSIDERATION DENIED JULY 12, 1991 — 

*Reynolds & McArthur, Charles M. Cork III*, for appellant.
*Martin, Snow, Grant & Napier, William H. Larsen, Jay C. Traynham*, for appellee.