## A92A0092. SMITH v. WINN-DIXIE ATLANTA, INC.

(417 SE2d 202)

SOGNIER, Chief Judge.

Lenora Smith brought suit against Winn-Dixie Atlanta, Inc. to recover damages for injuries she incurred when she slipped and fell at a Winn-Dixie store. The trial court granted Winn-Dixie's motion for summary judgment, and Smith appeals.

The record reveals that after paying for her groceries, appellant was pushing a grocery cart from the checkout counter to the door when she slipped and fell. At her deposition, appellant testified that although she had not noticed anything on the floor before she fell, after falling she observed "a clear liquid" puddle approximately ten inches in diameter and "a little pack of plastic from the handle that comes from inside of the shopping bags" on the floor near the place where the fall occurred. Appellant opined that she slipped on these items. By affidavit, Douglas Harvey, then the store's junior assistant manager, averred that his responsibilities included visually inspecting the floor in the front area of the store, and that he had done so ten to fifteen minutes prior to the time appellant stated she fell and had found the floor to be "clean, dry[,] and free of any foreign substance."

Appellant contends the trial court erred by granting summary judgment to appellee because genuine issues of fact remain for jury determination. We do not agree. While a proprietor is liable to invitees for his failure to exercise ordinary care in keeping the premises safe, to establish a proprietor's liability for a slip and fall attributable to a foreign substance on the floor, the customer must show that the proprietor knew of the foreign substance or should have known of it had ordinary care been exercised. *Alterman Foods v. Ligon*, 246 Ga. 620, 622 (272 SE2d 327) (1980). In this case, no contention is made that appellee had actual knowledge of the liquid and plastic appellant said she observed on the floor. When an action is based on constructive knowledge, to avoid summary judgment for the defendant, the plaintiff must establish a question of fact whether the foreign substance remained on the floor for a sufficient length of time for knowledge of it to be imputed to the proprietor, showing that he had an opportunity to discover the defect and correct it. *Smith v. Wal-Mart Stores*, 199 Ga. App. 808 (406 SE2d 234) (1991). This may be done by showing that employees of the proprietor were in the area and easily could have seen the hazard and corrected it, or by showing that the proprietor failed in his duty to exercise ordinary care in inspecting the premises to keep them safe. *Queen v. Kroger Co.*, 191 Ga. App. 249-250 (1) (381 SE2d 413) (1989).

Here, appellant showed neither in response to appellee's motion for summary judgment. Although appellant now argues that the cashier who waited on her and several other cashiers were in the immedi-

ate area where she fell and thus could have seen the puddle and the plastic and removed them, at her deposition appellant testified twice in response to direct questions that she saw no store employees in the immediate vicinity where she fell. Harvey's affidavit testimony established appellee's exercise of due care in inspecting the premises because "[w]here it appears a foreign object had 'not been present for more than 10 to 15 minutes, the allegations show no actionable negligence on the part of the proprietor in failing to discover it.' [Cit.]" *Mazur v. Food Giant*, 183 Ga. App. 453, 454 (1) (359 SE2d 178) (1987). Accordingly, appellant has failed to show any evidence raising a fact question regarding appellee's constructive knowledge of any foreign substance on the floor. Consequently, as appellee pierced this essential element of appellant's complaint, the trial court did not err by granting summary judgment to appellee. *Queen*, supra at 251 (4).

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED MARCH 12, 1992 —
RECONSIDERATION DENIED MARCH 25, 1992 —

*Kenneth J. Rajotte*, for appellant.
*Fain, Major & Wiley, Gene A. Major, Darryl G. Haynes*, for appellee.