A92A1348. MORRIS v. RYAN'S FAMILY STEAK HOUSES, INC.
(425 SE2d 362)

JOHNSON, Judge.

Virginia Morris brought this negligence action against Ryan's Family Steak Houses, Inc. seeking damages for injuries she sustained when she slipped and fell to the floor near the salad bar in its restaurant. The trial court granted Ryan's motion for summary judgment. Morris appeals.

Morris contends that she slipped on food that was negligently allowed to remain on the floor immediately adjacent to the salad bar. Morris' husband and daughter, who accompanied Morris to the restaurant on the day of the fall, both testified that they did not see any foreign substance on the floor prior to Morris' fall. The restaurant contends that there was no food on the floor at the time of Morris' fall.

In her sole enumeration of error, Morris asserts that the trial court erred in granting summary judgment in favor of Ryan's. We disagree.

It is well settled that in order to establish liability on the part of a proprietor for a slip and fall attributable to a foreign substance on the floor, the plaintiff must show: 1) that the proprietor had actual or constructive knowledge of a foreign substance and, 2) that the complainant was without knowledge of the substance or, for some reason attributable to the proprietor, was prevented from discovering the foreign substance. *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980).

There is no evidence in the record supporting Morris' contention that Ryan's had actual knowledge of any substance on the floor at or near the time of Morris' fall. Therefore we must determine if the record supports the trial court's apparent conclusion that Ryan's lacked constructive knowledge that a foreign substance was on the floor where Morris fell. The record shows that it was Ryan's practice to regularly and continuously inspect the floor in the restaurant for the safety of its customers. Ryan's employees are assigned to a duty list for the specific task of inspecting for and removing foreign substances from the floor. We have previously held that where there is evidence showing that a reasonable inspection and/or cleaning procedure is in place and had been followed, normally no actionable constructive knowledge can be charged to the proprietor. See *Mallory v. Piggly Wiggly Southern*, 200 Ga. App. 428, 430 (408 SE2d 443) (1991); see also *Shiver v. Singletary*, 186 Ga. App. 746 (368 SE2d 523) (1988).

Morris' husband admitted in his deposition that during previous visits to the restaurant he had observed what appeared to be a regular practice of Ryan's to clean the tiled area around the salad bar. Witnesses for both Morris and Ryan's indicated that the floor in the restaurant was continuously checked for debris and such debris, when seen, was removed. Applying the standard set forth in *Mallory*, supra, we conclude that the plaintiff has failed to come forward with any evidence upon which Ryan's could be charged with constructive knowledge of any alleged foreign substance on the floor at the place and time of Morris' fall.

Summary judgment is appropriate where the moving party shows he is entitled to judgment as a matter of law and there is no genuine issue as to any material fact. *Minor v. E. F. Hutton & Co.*, 200 Ga. App. 645, 646 (409 SE2d 262) (1991). The trial court did not err in granting summary judgment to Ryan's given the record in this case.

*Judgment affirmed. Carley, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 9, 1992 —
RECONSIDERATION DENIED NOVEMBER 19, 1992

*Butler, Wooten, Overby & Cheeley, James E. Butler, Jr., Peter J. Daughtery*, for appellant.

*Sullivan, Hall, Booth & Smith, John E. Hall, Jr., David V. Johnson*, for appellee.