A94A0190. J. H. HARVEY COMPANY v. JOHNSON.
(440 SE2d 548)

BLACKBURN, Judge.

The appellee, Sharon Johnson, slipped and fell to the floor in a puddle of water which allegedly accumulated from coolers defrosting in a supermarket owned and operated by the appellant, J. H. Harvey Company (Harvey). Johnson testified on deposition that there were no employees of Harvey's Supermarket in the vicinity at the time of her fall and she did not know of any employee with knowledge of the hazard at the time of the fall. In this action for damages against Harvey arising from the injuries Johnson sustained in the fall, Harvey moved for summary judgment, and the motion was denied by the trial court. We granted Harvey's interlocutory application to determine whether summary adjudication was warranted.

"In order to establish a proprietor's liability for a slip and fall attributable to a foreign substance on the floor, the plaintiff must show (1) that the defendant had actual or constructive knowledge of a foreign substance and (2) that the plaintiff was without knowledge of the substance or for some reason attributable to the defendant was prevented from discovering the foreign substance. *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980)." *Lea v. American Home Equities*, 210 Ga. App. 214, 215 (435 SE2d 734) (1992). "Con-

structive knowledge may be inferred where there is evidence that an employee of the owner was in the immediate vicinity of the dangerous condition and could easily have noticed and removed the hazard. Liability based on constructive knowledge may *also* be established by showing that the owner failed to exercise reasonable care in inspecting the premises. . . ." (Citations and punctuation omitted.) *Thompson v. Regency Mall Assoc.*, 209 Ga. App. 1, 3 (432 SE2d 230) (1993).

In the case sub judice, although management had knowledge of the periodic defrosting of the meat cooler, the record does not show that any employee or manager of the supermarket had actual knowledge of the alleged water leakage onto the floor prior to Johnson's fall. Inasmuch as the evidence of record appears to be sufficient to show that Harvey lacked actual knowledge of the hazard and no employee of the supermarket was in the immediate vicinity at the time of the fall, our inquiry must focus on whether Harvey has effectively negated Johnson's allegation that it failed to reasonably inspect its premises for the safety of invitees.

A manager testified on deposition that the store regularly and routinely inspected the floor in the area of the fall every day. In fact, the produce clerk specifically assigned to inspect the floor in the area of Johnson's fall testified by affidavit that he inspected the area 30 minutes prior to Johnson's fall and if there had been any foreign substance in the area at the time, he would have seen the substance and removed it. "[W]here there is evidence showing that a reasonable inspection and/or cleaning procedure is in place and had been followed, normally no actionable constructive knowledge can be charged to the proprietor. [Cits.]" *Morris v. Ryan's Family Steak Houses*, 206 Ga. App. 369 (425 SE2d 362) (1992). Consequently, we must conclude that Harvey was entitled to summary judgment as a matter of law because the record does not show that the supermarket had actual or constructive knowledge of the hazard.

Moreover, "not only must the plaintiff show that the defendant had knowledge of the presence of the foreign substance, but the plaintiff must also show that he was without knowledge of its presence." (Citation and punctuation omitted.) *Smith v. Wal-Mart Stores*, 199 Ga. App. 808, 810 (406 SE2d 234) (1991). While on the proprietor's premises, "[t]he customer must exercise ordinary care for his own safety, and must by the same degree of care avoid the effect of the merchant's negligence after it becomes apparent to him or *in the exercise of ordinary care he should have learned of it*. He must make use of all his senses in a reasonable measure amounting to ordinary care in discovering and avoiding those things that might cause hurt to him." (Emphasis supplied; citation and punctuation omitted.) *Hudson v. Quisc, Inc.*, 205 Ga. App. 840, 841 (424 SE2d 37) (1992); *Smith*, supra.

In the case at bar, Johnson specifically testified on deposition that prior to her fall, she looked ahead toward an ice cream cooler and did not look at the floor in front of her as she turned the corner of the aisle in her bedroom slippers. She admitted that nothing obstructed her view of the floor or prevented her from looking at the floor, and that she would have seen the one-foot wide, two-feet long puddle of water had she been looking at the floor. While we do recognize that Johnson was not required to look *continuously*, without intermission, for defects on Harvey's premises, "[i]t was incumbent upon her, as a matter of law, to use her eyesight for the purpose of discovering any discernible obstruction or defect in her path." (Citations and punctuation omitted.) *Froman v. George L. Smith, Ga. World &c. Auth.*, 197 Ga. App. 338, 339 (398 SE2d 413) (1990). In *Kroger Co. v. Barentine*, 210 Ga. App. 795 (437 SE2d 629) (1993), we recently reversed the trial court's denial of Kroger's motion for new trial and motion for directed verdict where the plaintiff therein admitted on deposition that he would have seen the puddle of liquid if he had been looking at the floor prior to his fall. In addition, contrary to her contentions, Harvey did not have a duty to warn her of the hazardous condition of which she had equal knowledge. *Smith*, supra. Hence, Johnson failed to exercise ordinary care for her own safety, and therefore cannot recover. *Hudson*, supra.

*Judgment reversed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 2, 1994.

*Young, Clyatt, Turner, Thagard & Hoffman, James B. Thagard, Sherry S. Harrell,* for appellant.

*Beauchamp & Associates, William Eckhardt,* for appellee.