A94A1048. SUPER DISCOUNT MARKETS, INC. v. CLARK.
(443 SE2d 876)

BLACKBURN, Judge.

The appellee, Minnie Faye Clark, commenced this action against the defendant/appellant, Super Discount Markets, Inc., to recover for injuries allegedly sustained when she slipped (but did not fall) on some grapes on the defendant's floor. The trial court denied the defendant's motion for summary judgment, and this interlocutory appeal followed.

The record shows that at approximately 8:30 a.m. on April 9, 1992, the plaintiff slipped while she was shopping in the produce department of the defendant grocery store. The store manager had patrolled the premises after he arrived at the store between 7:00 a.m.

and 7:30 a.m., and had found the floor to be clean. The produce manager had reported for work at 7:50 a.m., and inspected the floor in the produce section two times prior to the plaintiff's slip, each time finding the floor to be clean. His last inspection took place only 15 to 20 minutes before the plaintiff slipped on the grapes. At the time of the slip, he was shelving produce, but his back was turned towards the area where the plaintiff slipped. Another customer corroborated the produce manager's statement regarding his proximity to the scene of the slip, and pointed out that a produce bin obstructed the manager's view of the floor.

The plaintiff acknowledged that prior to her slip, she was not distracted by any store employees, displays, lights, or sounds. After slipping, she looked down and was able to see the grapes from her standing position, but she would not admit that she could have seen the grapes had she looked down immediately before the slip.

To establish a proprietor's liability for a slip and fall due to a foreign substance on the floor, the plaintiff must show that (1) the defendant proprietor had actual or constructive knowledge of the foreign substance, and (2) the plaintiff was without such knowledge or was prevented by the proprietor from discovering it. *Horn v. Foodmax of Ga.*, 210 Ga. App. 506 (437 SE2d 336) (1993). It is uncontroverted that neither the plaintiff nor the defendant here had actual knowledge of the grapes on the floor. The issue in this case thus is whether the defendant even had constructive knowledge of the spilled grapes. *Mallory v. Piggly Wiggly Southern*, 200 Ga. App. 428 (408 SE2d 443) (1991).

"When an action is based on constructive knowledge, to avoid summary judgment for the defendant, the plaintiff must establish a question of fact whether the foreign substance remained on the floor for a sufficient length of time for knowledge of it to be imputed to the proprietor, showing that he had an opportunity to discover the defect and correct it. [Cit.] This may be done by showing that employees of the proprietor were in the area and easily could have seen the hazard and corrected it, or by showing that the proprietor failed in his duty to exercise ordinary care in inspecting the premises to keep them safe. [Cit.]" *Smith v. Winn-Dixie Atlanta*, 203 Ga. App. 565 (417 SE2d 202) (1992).

The evidence in this case provides no support for either basis of constructive knowledge. Specifically, the store manager inspected the floor a little more than one hour before the plaintiff's slip, and the produce manager inspected the produce department's floor twice during the forty-minute period preceding the slip. The last inspection occurred only 15 to 20 minutes before the incident. Under these circumstances, the defendant demonstrated its exercise of due care in inspecting the premises, and the plaintiff was unable to counter that

showing. See *Smith v. Winn-Dixie Atlanta,* supra; *Mallory v. Piggly Wiggly Southern,* supra.

The produce manager was in the general vicinity of the area where the plaintiff slipped, but it was undisputed that he was facing the opposite direction at the time. Also, a produce bin was situated between him and the area where the plaintiff slipped, and obstructed his view of the floor. Under these circumstances, it may not be said that the defendant's employee could easily have seen the grapes on the floor so as to impute constructive knowledge. See *Queen v. Kroger Co.,* 191 Ga. App. 249 (381 SE2d 413) (1989).

Inasmuch as (1) it was uncontroverted that the defendant had no actual knowledge of the grapes on the floor, and (2) the evidence failed to establish the defendant's constructive knowledge of such, the defendant was entitled to summary judgment.

*Judgment reversed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED MAY 3, 1994.

*Drew, Eckl & Farnham, G. Randall Moody, Mary H. Hines,* for appellant.

*Harold D. Holcombe,* for appellee.