A95A0662. DANIEL v. JOHN Q. CARTER ENTERPRISES, INC.

(460 SE2d 838)

ANDREWS, Judge.

Daniel sued John Q. Carter Enterprises, Inc. d/b/a McDonald's claiming that the defendant restaurant operator negligently failed to keep its premises in a safe condition, and that as a result of this negligence, she was injured when she slipped and fell in a puddle of liquid on the floor of the restaurant. Daniel appeals from the trial court's grant of summary judgment in favor of the defendant.

Even assuming that Daniel was without knowledge of the liquid which caused her to slip and fall, the defendant restaurant operator was entitled to summary judgment because there is no evidence as to

how the clear liquid was placed on the floor of the restaurant and no evidence that the defendant had actual or constructive knowledge of the liquid on the floor.

"[I]n order to state a cause of action in a case where the plaintiff alleges that due to an act of negligence by the defendant he slipped and fell on a foreign substance on the defendant's floor, the plaintiff must show (1) that the defendant had actual or constructive knowledge of the foreign substance and (2) that the plaintiff was without knowledge of the substance or for some reason attributable to the defendant was prevented from discovering the foreign substance." *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980). In other words, it is only " 'when the perilous instrumentality is known to the owner or occupant and not known to the person injured that a recovery is permitted.' [Cit.]" Id. at 622. Since there is no evidence and no claim by Daniel that the defendant had actual knowledge of the liquid in which she slipped and fell, Daniel's claim must be based on a showing that the defendant had constructive knowledge of the presence of the liquid on the floor of the restaurant.

Two different classes of premises liability cases may be based on constructive knowledge. In the first class, "[c]onstructive knowledge may be inferred where there is evidence that an employee of the owner was in the immediate vicinity of the dangerous condition and could easily have noticed and removed the hazard." (Citations and punctuation omitted.) *Winn-Dixie of Greenville v. Ramey*, 186 Ga. App. 257, 259 (366 SE2d 785) (1988). Since there is no evidence that an employee of the defendant was in the immediate area of the hazard, Daniel's claim falls into the second class of constructive knowledge cases. In the second class, "[l]iability based on constructive knowledge may also be established by showing that the owner failed to exercise reasonable care in inspecting the premises, but recovery under that approach requires proof of the length of time the dangerous condition was allowed to exist." *Hughes v. Hosp. Auth. of Floyd County*, 165 Ga. App. 530, 531 (301 SE2d 695) (1983).

The issue in the second class of constructive knowledge cases "is whether, under the existing circumstances, [defendant's] failure to have discovered the specific foreign substance prior to [the plaintiff's] fall was the result of the breach of [the defendant's] legal duty to inspect the premises. If so, an inference would arise from that breach of [the defendant's] constructive knowledge of the presence of the [foreign substance] on its floor." *Food Giant v. Cooke*, 186 Ga. App. 253, 255 (366 SE2d 781) (1988). In seeking summary judgment, the defendant has the initial burden of showing that this theory of recovery is not viable by demonstrating that it exercised reasonable care in inspecting the premises. *Ramey*, supra at 259. This burden may be carried by evidence of compliance with reasonable inspection proce-

dures. *Mallory v. Piggly Wiggly Southern*, 200 Ga. App. 428, 430 (408 SE2d 443) (1991). "Evidence establishing an adherence to customary inspection and cleaning procedures on the specific day in question is required; while proof of the mere existence of such customary procedures is insufficient. [Cit.]" Id. at 430; *J. H. Harvey Co. v. Johnson*, 211 Ga. App. 809, 810 (440 SE2d 548) (1994); *Morris v. Ryan's Family Steak Houses*, 206 Ga. App. 369 (425 SE2d 362) (1992). Once a defendant demonstrates a lack of actionable constructive knowledge by compliance with reasonable inspection procedures, the burden shifts back to the plaintiff to show how long the foreign substance had been allowed to remain on the floor. *Ramey*, supra at 259. " 'Without such (proof) it would not be possible to determine whether the defendant had been afforded a reasonable time within which to inspect and remove the hazard.' *Banks v. Colonial Stores, Inc.*, 117 Ga. App. 581, 585 (161 SE2d 366) (1968). '(T)he plaintiff must show that the . . . substance was on the floor for a length of time sufficient for knowledge of it to be imputed to the defendant.' *Alterman Foods*, [supra]." *Gold & White, Inc. v. Long*, 159 Ga. App. 259, 260 (283 SE2d 45) (1981). Of course, "[i]n the absence of evidence that [the defendant] conducted a reasonable inspection of the premises that would have discovered the foreign substance that caused the slickness on the floor, [the plaintiff would not be] required to present evidence establishing the length of time that the substance had been allowed to remain on the floor. [Cits.]" *Jackson v. Wal-Mart Stores*, 206 Ga. App. 165, 169 (424 SE2d 845) (1992).

The record in this case shows that the restaurant conducted a routine inspection of the floor shortly before Daniel slipped and fell, which revealed no liquid on the floor. According to Daniel, she arrived at the restaurant somewhere between 5:00 p.m. and 5:15 p.m., stood in line three to five minutes before she placed her order, waited "several more minutes" to receive her food, proceeded immediately to a counter to pick up some napkins and straws, and "maybe 10 seconds to 20 seconds" later arrived at the top of the steps where she stepped in the liquid and slipped and fell. In support of summary judgment, the defendant provided the affidavit and deposition testimony of the manager of the restaurant, who was on duty at the time of the fall. He stated that it was the normal procedure of the restaurant to inspect the floors every 30 minutes on the hour and half-hour by performing what was described as a "travel pass" of the entire restaurant. He stated that on the day Daniel fell, "the last time prior to the incident involving Mrs. Daniel when I would have instructed a crew person to perform a travel pass would have been at 5:00 p.m." The manager further stated that there was no report of any liquid on the floor in the area where Daniel slipped and fell.

Accordingly, the defendant provided evidence of adherence to a

reasonable inspection procedure on the day of the fall which revealed no hazard on the floor somewhere between ten to twenty-five minutes prior to the fall, depending on when Daniel arrived at the restaurant between 5:00 p.m. and 5:15 p.m. There was no evidence that the premises were unusually dangerous, and "[i]t is well settled that a proprietor is under no duty to patrol the premises continuously in the absence of facts showing that the premises are unusually dangerous." *Mazur v. Food Giant*, 183 Ga. App. 453 (359 SE2d 178) (1987). This evidence was sufficient to shift the burden to Daniel to prove how long the liquid had been on the floor. *Super Discount Markets v. Clark*, 213 Ga. App. 132, 133-134 (443 SE2d 876) (1994); compare *Burke v. Bi-Lo*, 212 Ga. App. 115, 117 (441 SE2d 429) (1994) (burden did not shift to plaintiff where normal inspection procedure explained, but manager had no memory as to whether the inspection procedure had been adhered to on the day of the fall); *Boss v. Food Giant*, 193 Ga. App. 434, 436 (388 SE2d 37) (1989) (evidence failed to establish that any inspection had been made on the day in question, so burden never shifted to plaintiff); *Ramey*, supra at 259 (burden did not shift where defendant offered no evidence as to what inspection procedures, if any, were in effect and no evidence as to adherence to any inspection procedures).

There was no evidence as to how long the liquid had been on the floor of the restaurant. Accordingly, there was no proof that the liquid had been on the floor for a period of time sufficient for it to have been discovered by a reasonable inspection. *Queen v. Kroger Co.*, 191 Ga. App. 249, 250 (381 SE2d 413) (1989). Since actual knowledge is not at issue and the record does not show that the defendant had any constructive knowledge of the hazard, the trial court correctly granted summary judgment in favor of the defendant. *Smith v. Winn-Dixie Atlanta*, 203 Ga. App. 565, 566 (417 SE2d 202) (1992); *Johnson*, supra at 810; *Morris*, supra at 369-370.

*Judgment affirmed. Beasley, C. J., Birdsong, P. J., Pope, P. J., Johnson, Blackburn and Ruffin, JJ., concur. McMurray, P. J., dissents. Smith, J., not participating.*

McMURRAY, Presiding Judge, dissenting.

I respectfully dissent as it is my view that genuine issues of material fact remain as to defendant's constructive knowledge of the clear liquid which allegedly caused plaintiff Dana Daniel's fall and as to defendant's maintenance of a distraction which prevented plaintiff Dana Daniel from discovering this hazard. In fact, with regard to the issue of defendant's constructive knowledge, I find no evidence to support the majority's statement that "[t]he record in this case shows that the restaurant [personnel] conducted a routine inspection of the floor shortly before Daniel slipped and fell, which revealed no liquid

on the floor."

On December 21, 1992, plaintiff Dana Daniel and her nine-year-old son arrived at defendant's fast-food restaurant ("McDonald's") for an early dinner. They entered McDonald's and went to the order counter where they received their food along with a videotape, all which was placed on a single tray carried by plaintiff Dana Daniel. She then proceeded to a condiments counter where she obtained napkins, salt, pepper, and straws. While at the condiments counter, she noticed for the first time a Christmas tree located against a partition between the level on which she was located and a lower dining level. The Christmas tree, a live tree in a stand with a fleecy white skirt underneath the tree, was located to the right of the steps down to the lower level. The skirt beneath the tree was rectangular in shape and one corner of the skirt was protruding out close to the steps and in her path so that plaintiff Dana Daniel became concerned that she would step on it and possibly dislodge the tree or cause some other damage. In order to proceed down these steps, she stepped over to the left side of the steps while looking back to the right to be certain that she had avoided the skirt beneath the tree. Her foot slipped on the landing at the top of the steps, and she fell down the steps. As she was falling, she looked over to the left and saw a small puddle of a clear liquid which looked like water but may have been "Sprite."

While plaintiff Dana Daniel admitted that she could have seen the liquid if she had been looking in that direction, she maintains that she was distracted by the placement of the skirt beneath the tree. " ' "Looking continuously, without intermission, for defects in a floor is not required in all circumstances. (Cits.) 'What is "a reasonable look-out" depends on all the circumstances at the time and place.' " (Cit.)' [Cit.]" *Food Giant v. Cooke*, 186 Ga. App. 253, 257 (366 SE2d 781). Where the defendant creates a distraction which would normally divert the plaintiff's attention from where she is going so as to be the proximate cause of her injury, this constitutes actionable negligence on the part of the defendant. *Barentine v. Kroger Co.*, 264 Ga. 224 (443 SE2d 485); *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327). In this instance, it is my view that jury issues remain as to whether the placement of the Christmas tree (and accompanying skirt) so close to the steps as to encroach upon the customer's path when using the steps amounted to a distraction which excused the failure to maintain a lookout sufficient to spot the small amount of liquid on the floor and constituted the proximate cause of plaintiff Dana Daniel's injury. *Armor Elevator Co. v. Hinton*, 213 Ga. App. 27, 29 (1) (443 SE2d 670); *Begin v. Ga. Championship Wrestling*, 172 Ga. App. 293, 295 (322 SE2d 737); *Sears, Roebuck & Co. v. Chandler*, 152 Ga. App. 427, 428 (1), 430 (263 SE2d 171).

By presenting evidence that plaintiff Dana Daniel was prevented

from discovering the liquid on the floor for a reason attributable to defendant, I believe plaintiff raises genuine issues of material fact concerning one of the two prongs of the test applicable to foreign substance slip and fall cases. The second part of the test stated in *Alterman Foods v. Ligon*, 246 Ga. 620, 623, supra, requires that the plaintiff show that defendant had actual or constructive knowledge of the foreign substance, in this case, the liquid upon which plaintiff Dana Daniel slipped.

Constructive knowledge may be based upon a failure to exercise reasonable care in inspecting the premises and in the absence of evidence of a reasonable inspection of the premises, a plaintiff is not required to establish how long a spill had remained on the floor. *Jackson v. Wal-Mart Stores*, 206 Ga. App. 165, 167 (2), 168 (424 SE2d 845). Evidence as to normal store procedures for inspecting floors does not provide proof that inspections were actually carried out in accordance with such policies. *Burke v. Bi-Lo*, 212 Ga. App. 115, 117 (441 SE2d 429). Although there is ample evidence as to defendant's normal procedure for inspecting floors in the case sub judice, there is no evidence that the inspections, which should have immediately preceded the incident at issue, were actually conducted.

The McDonald's manager on duty at the time plaintiff Dana Daniel fell states that it was normal procedure to inspect the floors of the restaurant every 30 minutes, but he never testified or deposed that such an inspection was actually conducted just before plaintiff Dana Daniel fell. He stated only that "the last time prior to the incident involving Mrs. Daniel when I *would* have instructed a crew person to perform a travel pass *would* have been at 5:00 p.m." The majority takes this evidence to mean that such a "travel pass" was actually conducted. I cannot go along with this conclusion.

On summary judgment, supporting or opposing affidavits must be made on personal knowledge. OCGA § 9-11-56 (e). As is apparent by use of the term "would" in the restaurant manager's affidavit, the deponent could not swear, under penalty of perjury, that he has actual knowledge that an inspection of the restaurant floor was done at 5:00 p.m. on the day plaintiff Dana Daniel fell. The best the restaurant manager can muster is that he "would" have customarily asked a crew member to do it. The manager does not state that he actually told a crew member to perform the 5:00 p.m. inspection or that he observed an employee doing such an inspection. Under these circumstances, I do not agree with the majority that "[t]he record in this case shows that the restaurant [personnel] conducted a routine inspection of the floor shortly before Daniel slipped and fell, which revealed no liquid on the floor."

For the foregoing reasons, I believe that genuine issues of material fact remain as to defendant's constructive knowledge of the clear

liquid which allegedly caused plaintiff Dana Daniel's fall and as to defendant's maintenance of a distraction which prevented plaintiff Dana Daniel from discovering this hazard.

I would therefore reverse the trial court's grant of summary judgment in favor of defendant and permit the plaintiff here to have her day in court before a jury of her peers.

DECIDED JULY 14, 1995 —
RECONSIDERATION DENIED JULY 28, 1995 — 

*Hollberg, Weaver & Kytle, James W. Kytle*, for appellant.
*Goldner, Sommers, Scrudder & Bass, Henry E. Scrudder, Jr., Tammy S. Skinner*, for appellee.