A98A1076. McCONNELL et al. v. SMITH & WOODS
MANAGEMENT CORPORATION et al.
(504 SE2d 526)

McMURRAY, Presiding Judge.

Plaintiff Sharon McConnell brought this tort action against defendant Smith & Woods Management Corporation d/b/a Wholesale Food Outlet Number 6 ("S & W") and the ABC Company (name unknown), seeking to recover for personal injuries received when she slipped and fell allegedly because "defendant allowed excess food items to remain on the defendant's premises even though there were employees in the area. . . ." Plaintiff further alleged she "did not have any knowledge of the dangerous condition and could not reasonably have expected to discover it." Plaintiff Jon S. McConnell brought a separate claim for loss of consortium.

Defendant S & W denied the material allegations and moved for summary judgment, supporting its motion with the affidavit of Glenn Floyd, the assistant manager, who deposed that he was informed

that plaintiff "had apparently fallen between the checkout and the front door of the store. When [Floyd] arrived at the scene, [plaintiff] informed [him] that she had just fallen after stepping on a green grape." In keeping with his general routine to inspect the store on a regular basis for any type of debris, water, or other potentially hazardous foreign substances, on the day plaintiff fell, Floyd had "inspected the exact portion of the floor where [plaintiff] fell no more than thirty (30) minutes prior to her fall." Floyd "confirmed that the area was clean, dry and free of any debris or foreign substances." Defendant also relied on portions of plaintiff Sharon McConnell's deposition wherein she admitted she was not looking down at the floor or at her feet; nothing distracted her; she did not know how the grape got on the floor or how long the grape had remained there prior to her fall; and that, while there were two store employees in the area at the time of her fall, one employee was busy ringing up plaintiff's daughter's groceries while the other was bagging groceries.

The trial court delayed consideration of defendant's motion pending the decision of the Supreme Court of Georgia in *Robinson v. Kroger Co.*, 268 Ga. 735 (493 SE2d 403), but ultimately granted defendant's motion for summary judgment, concluding that plaintiffs failed to show defendant's actual or constructive knowledge of the hazardous grape. In reaching this determination, the trial court gave no weight to plaintiff Sharon McConnell's affidavit testimony that the two employees "were able to see where the grape was" concluding such testimony was a mere conclusion as to what other persons did or could have done which was without probative value. Second, applying *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680), the trial court eliminated any favorable aspect of plaintiff Sharon McConnell's affidavit on this point, ruling that the affidavit and plaintiff Sharon McConnell's deposition "directly contradict each other concerning the ability of the . . . employees to have seen the grape," on the basis that in her deposition, plaintiff stated "I don't think none of those people were watching me." Plaintiffs Sharon McConnell and Jon S. McConnell appeal from the order of the trial court granting summary judgment, urging in three related enumerations of error that genuine issues of material fact remain for jury resolution. *Held*:

1. The trial court erred in eliminating the favorable factual elements of plaintiff Sharon McConnell's affidavit on the basis of *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, supra. To state that employees were focused on their tasks and not watching plaintiff at the time of her fall does not contradict the factual assertion that they were physically capable of seeing the loose grape *had they looked.* Compare *Mitchell v. Food Giant,* 176 Ga. App. 705 (337 SE2d 353) (whole court), where the area of the floor where that plaintiff fell on a

radish "was separated from the line of sight of the store employees by an aisle divider."

2. Viewing all the evidence in the light most favorable to the non-movant, defendant S & W's own evidence establishes that the grape could have been on the floor for as long as 30 minutes. Where there is evidence that a reasonable inspection and/or cleaning procedure is in place and had been followed, normally no actionable constructive knowledge can be charged to the proprietor. *J. H. Harvey Co. v. Johnson*, 211 Ga. App. 809, 810 (440 SE2d 548) overruled on other grounds, *Robinson v. Kroger Co.*, 268 Ga. 235, supra; *Morris v. Ryan's Family Steak Houses,* 206 Ga. App. 369 (425 SE2d 362). But this rule does not conclusively establish the absence of defendant S & W's constructive knowledge, due to the presence of the two employees in the immediate vicinity where plaintiff fell. *J. H. Harvey Co. v. Johnson*, 211 Ga. App. 809, supra (where that plaintiff testified at her deposition "that there were no employees of [defendant] in the vicinity at the time of her fall."). The fact that defendant S & W's two employees were not watching plaintiff at the precise moment she fell does not eliminate the favorable inference that, at some point during the half hour when the grape was on the floor, either the cashier or the bag person easily could have seen it and removed it. Compare *Coffey v. Wal-Mart Stores,* 224 Ga. App. 824, 826 (2), 828 (482 SE2d 720), where that defendant's employee did not have a reasonable opportunity to discover and remove the clear, colorless substance which smelled like Armorall or some similar product, which "substance was not on the floor 15 minutes before [plaintiff] Coffey fell."

3. "A slip-and-fall plaintiff need not necessarily produce evidence which disproves the plaintiff's [own] negligence to withstand a motion for summary judgment — the burden of coming forward with such evidence arises only after it has been established or assumed the defendant had actual or constructive knowledge of the hazard. . . ." *Robinson v. Kroger Co.*, 268 Ga. 735, 747 (2) (b), supra. In support of a summary judgment motion, the defendant in a slip-and-fall action still bears the onus of establishing the nonexistence of every material fact, namely, disproving its actual knowledge *and* pointing out the absence of evidence of its constructive knowledge of the alleged hazard. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474). In our view, defendant S & W's evidence fails to pierce the pleadings. The grant of summary judgment on this evidentiary posture was in error.

*Judgment reversed. Blackburn and Eldridge, JJ., concur.*

DECIDED JULY 15, 1998.

*Joseph M. Todd,* for appellants.

*Webb, Carlock, Copeland, Semler & Stair, Andrea M. Muller, Marvin D. Dikeman, James R. Doyle II*, for appellees.