## A98A2192. LOVINS et al. v. KROGER COMPANY.
### (512 SE2d 2)

JOHNSON, Chief Judge.

A Kroger grocery store employee placed spinach dip and crackers on a table for customers to sample. She then inspected the floor in the area, saw that it was clean, and went behind the nearby counter to prepare a cheese basket. Less than ten minutes later William Lovins, who was pushing a shopping cart into the area, slipped on spinach dip and fell. Lovins and his wife (collectively "Lovins") sued the Kroger Company. Lovins appeals from the grant of summary judgment to Kroger, contending summary judgment was improper because there was evidence that Kroger had actual or constructive knowledge that the dip was on the floor and that Lovins exercised reasonable care for his own safety. We affirm.

In order to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard, and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier. *Robinson v. Kroger Co.,* 268 Ga. 735, 748-749 (493 SE2d 403) (1997); *Haskins v. Piggly Wiggly Southern,* 230 Ga. App. 350, 351 (496 SE2d 471) (1998).

1. (a) *Defendant's actual knowledge.* Lovins claims that actual knowledge can be inferred from the employee's testimony that she did not see any customers passing through the area or sampling the dip between the time she set out the dip and the time Lovins fell. The employee added that she did not see any customers because she had her back turned to the area. Lovins argues that "[i]f no customers

dropped the dip, then [the employee] must have."

In passing on a motion for summary judgment, a finding of fact which may be inferred but is not demanded by circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists. *Bob v. Hardy*, 222 Ga. App. 550, 553 (4) (474 SE2d 658) (1996). While Lovins claims evidence that the employee did not see any customers in the area implies that she dropped the dip, this claim is without merit given the employee's testimony that she did not drop anything, inspected the area after setting up the samples, and saw no spills. Moreover, an inference cannot be based upon evidence which is too uncertain or speculative or which raises merely a conjecture or possibility. *Sharfuddin v. Drug Emporium*, 230 Ga. App. 679, 683 (3) (a) (498 SE2d 748) (1998); *Brumbelow v. City of Rome*, 215 Ga. App. 321, 322 (450 SE2d 345) (1994). Lovins failed to show evidence of actual knowledge.

(b) *Defendant's constructive knowledge.* Lovins also failed to show evidence of constructive knowledge. Constructive knowledge can be shown in either of two ways: (i) by presenting evidence that an employee of the defendant was in the immediate area of the dangerous condition and could have easily seen the substance and removed the hazard; or (ii) by presenting evidence that the substance was on the floor for such a time that (a) it would have been discovered had the proprietor exercised reasonable care in inspecting the premises and (b) upon being discovered, the substance would have been cleaned up had the proprietor exercised reasonable care in cleaning · the premises. *Hardee's Food Systems v. Green*, 232 Ga. App. 864, 866 (2) (502 SE2d 738) (1998).

(i) Lovins contends that the employee who put out the sample or another employee in a nearby delicatessen area were close enough to the accident site to have easily seen and removed the hazard. However, showing that an employee was merely working in the area of a foreign substance is not enough. The employee must have been in a position to have easily seen and removed the substance. *Hardee's Food Systems*, supra at 866-867 (2) (a). Here, the employee working in the cheese section testified that she was not facing the area in which the fall occurred and that the showcase blocked her view of the area in which Lovins fell. When he fell, she turned but could not see him until she stood on her toes.

The delicatessen manager was also in the area, but was working in the back of the bakery section with her back turned to the site. Under these circumstances, it may not be said that the employees could have easily seen the dip on the floor so as to impute constructive knowledge. See *Super Discount Markets v. Clark*, 213 Ga. App. 132, 134 (443 SE2d 876) (1994); *Kitchens v. Restaurant Mgmt. Svcs.*, 192 Ga. App. 313, 314 (1) (385 SE2d 11) (1989); *Queen v. Kroger Co.*,

191 Ga. App. 249, 250 (1) (381 SE2d 413) (1989).

(ii) The evidence is undisputed that an employee inspected the floor just ten minutes before the fall and found no foreign substance. Therefore, Lovins has not presented evidence establishing that Kroger employees would have discovered the substance and cleaned it up had they exercised reasonable care in inspecting and cleaning the premises. See generally *Hardee's Food Systems*, supra at 867-868 (2) (b); *Coffey v. Wal-Mart Stores*, 224 Ga. App. 824, 828 (2) (482 SE2d 720) (1997). Because Lovins failed to sustain his burden of producing some evidence that Kroger had actual or constructive knowledge of the hazard, Kroger was entitled to summary judgment as a matter of law. See *Haskins*, supra at 351.

Contrary to Lovins's contention, *Robinson*, supra, does not require a different result. As discussed in *Sharfuddin*, supra at 680 (1), *Robinson* focused on the issue of a plaintiff's knowledge of the foreign substance, not the defendant's actual or constructive knowledge. *Robinson* did not change the plaintiff's burden concerning the defendant's knowledge. Id. In this case, Lovins presented no evidence that Kroger had actual or constructive knowledge of the dip on the floor and no evidence from which such knowledge could be inferred. Given Lovins' failure to carry his burden as to Kroger's knowledge, *Robinson* does not alter our holding here. See *Sharfuddin*, supra at 686.

2. *Plaintiff's knowledge and care.* Assuming a factual issue was presented as to whether Lovins should have seen the dip before stepping in it, the trial court correctly granted summary judgment to Kroger because there was no evidence that Kroger had actual or constructive knowledge of the hazard before Lovins fell. See *Williams v. Sing Bros.*, 226 Ga. App. 657, 658 (1) (487 SE2d 445) (1997); *Johnson v. Autozone*, 219 Ga. App. 390, 392 (465 SE2d 463) (1995).

*Judgment affirmed. Smith and Barnes, JJ., concur.*

DECIDED FEBRUARY 1, 1999 —
RECONSIDERATION DENIED FEBRUARY 22, 1999 —

*William L. Skinner*, for appellants.
*Smith, Howard & Ajax, Matthew L. Hilt, Webb, Carlock, Copeland, Semler & Stair, Douglas A. Wilde, James R. Doyle II*, for appellee.