ANDREWS, Judge,
dissenting.
This is yet another premises liability case which turns on imputing the premises owner with constructive knowledge of the hazard, despite the absence of any evidence in the record as to how long the foreign object had been on the floor. In such cases, under Lau’s Corp. v. Haskins, 261 Ga. 491 (405 SE2d 474) (1991), it should be axiomatic that a premises owner would be entitled to summary judgment where there is an absence of evidence to establish an essential element of the plaintiff’s claim. However, in contravention of Lau’s Corp., this Court wrongly continues to impose a duty on the premises owner to produce evidence of adherence to a reasonable inspection procedure before considering the absence of evidence to support the plaintiff’s claim. See Williams v. GK Mahavir, Inc., 314 Ga. App. 758, 763 (726 SE2d 71) (2012) (Andrews, J., concurring dubitante).
Nevertheless, even imposing such a duty on the appellee premises owner in this case, I believe the appellee satisfied that requirement and still was entitled to summary judgment. What constitutes a reasonable inspection procedure depends “on the nature of the business, the size of the store, the number of customers, the nature of the dangerous condition, and the store’s location.” Shepard v. Winn *223 Dixie Stores, 241 Ga. App. 746, 748 (1) (527 SE2d 36) (2000). In this case, the appellee was a clothing store, not one of the usual suspects in a premises liability case where liquids or produce on the floor seems to be a common hazard.
The appellee acknowledged its use of the security pins presented a risk of injury; its employee training materials cautioned about loose pins and showed the employees how to attach the security pins properly so as to protect the inventory against theft and to protect customers from the risk of puncture. But the record in this case shows the risk of injury associated with the security pins was effectively managed by the appellee. The appellee carried out a daily inspection procedure at least twice a day, by sweeping the floors in the morning and in the afternoon, and more frequently if needed. The store inventory usually consisted of approximately 95,000 articles of clothing, most of which had security pins attached. The store manager explained that pins couldbe loosened in a number of ways: sometimes by not attaching them securely; sometimes when an article of clothing was dropped to the floor; and sometimes when shoplifters pried them off. The store manager acknowledged a loose pin occasionally was found on the floor, but there was no probative evidence of any prior similar incidents. In light of the large number of security pins used in the store and the absence of any evidence of prior incidents of injury caused by pins on the floor, either the store’s customers were exposed to a minimal risk, or the store exercised extraordinary care keeping the premises safe. Under these circumstances, the appellee carried out a reasonable inspection procedure, as there was no need for the appellee to monitor the store floor more frequently than it did.
Moreover, even if the appellee’s inspection procedure was not reasonable, or even if the appellee had totally failed to inspect the premises, constructive knowledge of the loose security pin on the floor could not be imputed to the premises owner unless the hazard could have been easily seen and removed. See Kitchens v. Restaurant Mgmt. Svcs., 192 Ga. App. 313, 314 (385 SE2d 11) (1989); Lovins v. Kroger Co., 236 Ga. App. 585, 586 (1) (512 SE2d 2) (1999). “If there is no evidence that the [pin] could have been discovered during a reasonable inspection, then no inference arises that [the appellee’s] failure to discover the defect was the result of any alleged failure to inspect.” (Citation omitted.) Chastain v. CF Ga. North DeKalb, 256 Ga. App. 802, 803 (569 SE2d 914) (2002).
In the instant case, the only evidence concerning the visibility of the security pin was the plaintiff’s admission that she could not have seen the pin even if she had been looking right at it. If the pin was invisible to the plaintiff, it stands to reason the pin was just as *224 invisible to any of the appellee’s employees. For that reason, “summary judgment was proper because the alleged defect was, by [the appellant’s] own admission, so difficult, to detect. Constructive knowledge can only be inferred with proof that the proprietor or its agent could have easily discovered and corrected the alleged hazard.” (Citation omitted.) Lindsey v. Ga. Bldg. Auth., 235 Ga. App. 718, 720 (509 SE2d 749) (1998).
Decided June 29, 2017.
Nathan W. Kotas, for appellant.
Weinberg Wheeler Hudgins Gunn & Dial, Earl W. Gunn, Jackson A. Dial, for appellee.
In summary, here it was undisputed neither party had actual knowledge of the loose security pin on the floor, and there was no evidence as to how long the pin had been on the floor. There was no evidence of any prior similar incident involving this specific hazard, which, considering the sheer volume of security pins in use at the appellee’s store on a daily basis, surely attested to the appellee’s diligence in maintaining a premises safe for its customers. And lastly, the evidence showed that the loose security pin was not visible and therefore not easily removable. The above factors add up to one conclusion: that the appellee exercised ordinary care in keeping its premises safe for its invitees and thus was entitled to summary judgment.
Accordingly, I dissent from the majority opinion’s reversal of the grant of summary judgment for the appellee.
I am authorized to state that Judge Bethel joins in this dissent.