## A97A0899. DELOACH v. FOOD LION, INC.
### (491 SE2d 845)

BLACKBURN, Judge.

Johnnie Mae Deloach sued Food Lion for injuries she sustained when she slipped and fell on a grape in Food Lion's produce department. Food Lion moved for summary judgment, and the trial court granted the motion. On appeal, Deloach contends that Food Lion had constructive knowledge of the hazard, and that she could not have avoided the hazard in the exercise of ordinary care. For the reasons set forth below, we affirm.

The record before us on appeal is slim. Deloach did not respond to the motion for summary judgment, did not file any affidavits in support of her position, and did not file any depositions for the trial court to rely upon in considering her contentions. Although she designated that the entire record be sent up on appeal, the only evidence in the record consists of uncertified excerpts from various depositions attached to Food Lion's motion for summary judgment. While we are entitled to consider this evidence, see *Jacobsen v. Muller*, 181 Ga. App. 382, 383 (3) (352 SE2d 604) (1986) and *Bandy v. Mills*, 216 Ga. App. 407, 409 (454 SE2d 610) (1995) (McMurray, P. J., dissenting), Deloach's failure to more fully develop the evidence at the trial level limits her ability to establish the existence of a question of material fact on appeal.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). . . . . A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions

and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e)." *Lau's Corp. v. Haskins,* 261 Ga. 491 (405 SE2d 474) (1991).

The facts show that Deloach visited Food Lion on June 8, 1993 with friends John and Donna Watson and the Watsons' children. Upon entering the store, Donna obtained a grocery cart. She walked ahead, pushing the cart, and Deloach and John followed her. While the group was in the produce department, Deloach slipped and fell. The bottoms of her shoes were checked after the fall, and it was determined that she had slipped on a grape which was on the floor. Deloach claims that she did not see the grape because Donna and the shopping cart, in which the Watsons' two children were riding, blocked her view of the grape. Deloach also deposed that a Food Lion produce boy was in the area, "not very far" away when she fell.

"[T]o state a cause of action in a case where the plaintiff alleges that due to an act of negligence by the defendant he slipped and fell on a foreign substance on the defendant's floor, the plaintiff must show (1) that the defendant had actual or constructive knowledge of the foreign substance and (2) that the plaintiff was without knowledge of the substance or for some reason attributable to the defendant was prevented from discovering the substance." (Punctuation omitted.) *Coffey v. Wal-Mart Stores,* 224 Ga. App. 824, 828 (2) (482 SE2d 720) (1997). With respect to this second requirement, "the customer must exercise ordinary care for his own safety, and must by the same degree of care avoid the effect of the merchant's negligence after it becomes apparent to him *or* in the exercise of ordinary care he should have learned of it." (Punctuation omitted.) *Piggly Wiggly Southern v. James,* 225 Ga. App. 846, 847 (485 SE2d 223) (1997).

Because she claims Donna and the grocery cart blocked her view of the grape, Deloach has presented a genuine issue of material fact regarding her knowledge of the grape and her exercise of ordinary care to avoid it. However, under present law, she still must show that Food Lion had actual or constructive knowledge of the grape on the floor. Because she does not contend that Food Lion had actual knowledge of the hazard, she therefore relies on Food Lion's constructive knowledge of the grape to establish its liability.

Constructive knowledge may be shown in one of two ways: by evidence that an employee was in the immediate area of the hazard and could easily have discovered and removed it, or by showing that the owner did not use reasonable care in inspecting the premises. See *J. H. Harvey Co. v. Johnson,* 211 Ga. App. 809, 810 (440 SE2d 548) (1994). Inasmuch as Food Lion presented affidavits from two store

employees setting forth Food Lion's inspection procedures, and as one such affidavit states that the floor in the produce department was inspected "within 10 minutes" of Deloach's fall and was found free of debris, Food Lion has established that it used reasonable care in inspecting the premises. See *Mazur v. Food Giant*, 183 Ga. App. 453, 454 (1) (359 SE2d 178) (1987) (no actionable negligence where proprietor fails to discover a foreign object not present for more than ten to fifteen minutes). Deloach therefore must rely upon the presence of a Food Lion employee in the area to establish Food Lion's constructive knowledge of the grape.

Deloach argues that because a produce boy was in the area, Food Lion had constructive knowledge of the hazard. However, "there never has been a rule in this state that liability can be shown by nothing more than the fact that the defendant's employee was in the immediate area of the hazardous substance. In every case, the rule that states that proposition also requires a finding that the defendant's employee had an opportunity to discover and remove the hazard, which can only be shown by evidence that the hazard existed for a length of time sufficient for the defendant to discover the hazard and remove it." (Punctuation omitted.) *Coffey*, supra at 828 (2).

Here, the aisle where Deloach fell had been inspected within ten minutes prior to her fall, and was clear at the time of inspection. Even drawing an inference in Deloach's favor that the grape was on the floor long enough to be discovered, she still "has failed to present any evidence that would show that the employee had been in a position to see or remove the [grape] from the floor." *Drake v. Kroger Co.*, 213 Ga. App. 72, 74 (1) (443 SE2d 698) (1994). Deloach testified only that the employee was "not very far away." As we noted in *Coffey*, supra, "[t]he employee that [plaintiff] contends was in the immediate area was further away from [the hazard] than [plaintiff] and there is no evidence that [the employee] ever approached the substance." Id. at 828 (2). "There is no . . . testimony or evidence that [the employee] was in the vicinity of the fall for any particular period of time so as to have 'an opportunity to discover and remove the hazard.'" *Fulton-DeKalb County Hosp. Auth. v. Estes*, 187 Ga. App. 120, 121 (369 SE2d 262) (1988).

Accordingly, Food Lion's evidence regarding its constructive knowledge of the grape was sufficient to pierce Deloach's allegations. Under *Lau's Corp.*, supra, the burden then shifted to Deloach to come forward with some evidence creating a genuine issue of material fact regarding Food Lion's constructive knowledge of the grape. Deloach was not free to rest on her pleadings, but was obligated to point to facts giving rise to a triable issue. Because she failed to do so, summary judgment was appropriately granted for Food Lion, and we need not address the parties' other arguments.

*Judgment affirmed. Johnson, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED SEPTEMBER 5, 1997.

*Richard Phillips*, for appellant.
*Duffy, Feemster & Lewis, George L. Lewis*, for appellee.