A97A1825. ANDERSON et al. v. SERVICE MERCHANDISE COMPANY, INC.
(496 SE2d 743)

RUFFIN, Judge.

Helen Anderson was injured while operating an exercise machine on display at a Service Merchandise store in Savannah, Georgia. Anderson and her husband, Charlie Anderson, sued Service Merchandise Company, Inc. ("Service Merchandise") for Mrs. Anderson's injuries and Mr. Anderson's loss of consortium. The trial court granted summary judgment to Service Merchandise, and the Andersons appealed. For the following reasons, we affirm.

"It is well established that on appeal of a grant of summary judgment, the appellate court must determine whether the trial court erred in concluding that no genuine issue of material fact remains and that the party was entitled to judgment as a matter of law. [Cit.] This requires a de novo review of the evidence." *Moore v. Food Assoc.*, 210 Ga. App. 780, 781 (437 SE2d 832) (1993).

1. We note initially that the Andersons, who are represented by counsel on appeal, have violated this Court's rules and OCGA § 5-6-40 by failing to file a separate enumerations of error. See Court of Appeals Rule 22. Furthermore, by having just three references to the record in their appellate brief, the Andersons have only marginally complied with Court of Appeals Rule 27 (c) (3), which requires each enumerated error to be supported in the appellate brief with specific references to the record or transcript. Such violations not only hinder our review of the merits of the appeal and create the potential that an asserted error will not be addressed, they also subject the appeal to dismissal and the appellants and their counsel to contempt. See Court of Appeals Rules 7 and 27 (c) (2). However, since the Andersons have presented an enumeration of error in their appellate brief and it is apparent from the brief, the notice of appeal and the record

what judgment is being appealed from and what error is being asserted, we will consider the merits of the appeal to the extent it is supported by argument, citation to the record, and authority. See OCGA §§ 5-6-30 and 5-6-48 (f).

2. Turning to the merits, the record shows the Andersons went to Service Merchandise to purchase an exercise machine. After looking at various pieces of exercise equipment, Mrs. Anderson focused her attention on a cross-country ski machine. She had tested the same product at other stores prior to her trip to Service Merchandise and thus was fully aware of how to operate the machine. Mrs. Anderson watched three women use the machine without incident before testing it herself. She noticed no Service Merchandise employees in the area. While using the machine, one of its nuts came loose, which caused a belt at the bottom of the machine to fall off. The reduced tension resulting from the malfunction caused Mrs. Anderson to fall backwards and injure herself.

In support of its motion for summary judgment, Service Merchandise presented evidence that it did not manufacture or assemble the exercise machine. The director of testing and product safety for the company that manufactured the machine stated in an affidavit that the "triangular nut worked its way loose. . . ." He added that the loosening of the nut was a "hidden or concealed situation" that Service Merchandise would have "no way of anticipating or foreseeing."

Service Merchandise also showed that the machine had been on display since August 1992 and approximately 150 customers used it each week since that time. The machine never malfunctioned or resulted in injury prior to Mrs. Anderson's accident. Service Merchandise's showroom manager averred that the store "employed customary inspection procedures which were followed on February 26, 1993 [the date of the accident]. The employees working in the Self-Service Department periodically inspected the exercise equipment to determine if there were any loose handles or any other obvious defects. [The] periodic inspections disclosed no problems, defects, or loose nuts, bolts or screws [on the ski machine]."

"Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." OCGA § 51-3-1. A proprietor's obligation to keep the premises safe includes "a duty to inspect the premises to discover possible dangerous conditions of which he does not know and to take reasonable precautions to protect the invitee from dangers which are foreseeable from the arrangement and use of the premises. [Cit.]" (Punctuation omitted.) *Davis v. Piedmont Hosp.*, 222

Ga. App. 97, 98 (473 SE2d 531) (1996).

"An invitee who responds to the owner/occupier's invitation and enters the premises does so pursuant to an implied representation or assurance that the premises have been made ready and safe for the invitee's reception, and the entering invitee is entitled to expect that the owner/occupier has exercised and will continue to exercise reasonable care to make the premises safe. [Cit.]" *Robinson v. Kroger Co.*, 268 Ga. 735, 741 (493 SE2d 403) (1997). As it is not disputed that the Andersons were business invitees of Service Merchandise, the Andersons could reasonably assume the furnishings on the premises, including the exercise equipment, were "safe for the use for which they apparently were intended" providing that the furnishings presented no obvious hazard. *Ballard v. Southern Regional Med. Center*, 216 Ga. App. 96 (1) (453 SE2d 123) (1995).

There is also no dispute that the defect in the exercise machine, the loose nut, was not an open and obvious hazard. Hence, if, in the exercise of ordinary care, Service Merchandise knew or should have known of the defect in the machine, and, but for this defect, Mrs. Anderson would not have fallen, Service Merchandise could be held responsible for the Andersons' injuries. Id.

"The true ground of liability is the proprietor's superior knowledge of the perilous instrumentality and the danger therefrom to persons going upon the property. It is when the perilous instrumentality is known to the owner and not known to the person injured that a recovery is permitted." (Citation, punctuation and emphasis omitted.) Id. at 97. As there is no evidence Service Merchandise had actual knowledge of the defect in the machine, liability must be based on Service Merchandise's constructive knowledge. Id.

"Constructive knowledge can be established with evidence that either [Service Merchandise] failed to exercise reasonable care in inspecting its premises or an employee was in the immediate vicinity of the hazardous condition and could easily have noticed and corrected it. [Cit.]" *Hornbuckle Wholesale Florist &c. v. Castellaw*, 223 Ga. App. 198, 199 (477 SE2d 348) (1996). No Service Merchandise employee was in the vicinity of the machine when Mrs. Anderson was using it, and the hazardous condition was not easily noticeable.

Thus, the evidence must show that Service Merchandise failed to exercise reasonable care in inspecting the exercise machine. "In seeking summary judgment, the defendant has the initial burden of showing that this theory of recovery is not viable by demonstrating that it exercised reasonable care in inspecting the premises. [Cit.] This burden may be carried by evidence of compliance with reasonable inspection procedures. [Cit.]" *Daniel v. John Q. Carter Enterprises*, 218 Ga. App. 223, 224-225 (460 SE2d 838) (1995). See also *Newell v. Great A & P Tea Co.*, 222 Ga. App. 884, 885 (2) (476 SE2d

631) (1996). "Once a defendant demonstrates a lack of actionable constructive knowledge by compliance with reasonable inspection procedures, the burden shifts back to the plaintiff to show how long [the hazard has been in existence]." *Daniel*, supra at 225.

In the instant case, Service Merchandise has shown that it exercised reasonable care in inspecting its premises. It is uncontroverted that Service Merchandise had inspection procedures in place and that those procedures were followed on the day of Mrs. Anderson's injury. It is also uncontroverted that the loose nut was a hidden defect that Service Merchandise could not have foreseen or anticipated. Given the unforeseeable nature of the hazard, we cannot conclude that Service Merchandise's inspection procedures were inadequate under the circumstances.

As Service Merchandise, the moving party, has discharged its burden of showing through affidavits and other evidence that there is an absence of evidence to support the Andersons' claim, the Andersons could not simply rest on the pleadings, but had a duty to come forward with some evidence giving rise to a triable issue, such as evidence of the length of time the hazard had been allowed to exist. See *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). The Andersons failed in complying with this responsibility, and accordingly their action could not survive summary judgment.

*Judgment affirmed. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JANUARY 15, 1998 —
RECONSIDERATION DISMISSED FEBRUARY 12, 1998.

*C. Leon Lee II, Bess L. Walthour*, for appellants.
*McLain & Merritt, Howard M. Lessinger*, for appellee.