## A98A0669. HOPKINS v. KMART CORPORATION.
### (502 SE2d 476)

RUFFIN, Judge.

While shopping at a Kmart store, Jennifer Hopkins slipped and fell in a puddle of tea, injuring her knee and ankle. Hopkins sued Kmart claiming it was negligent in failing to use reasonable care in maintaining its premises. The trial court granted Kmart summary judgment, and Hopkins appealed. We affirm.

" 'It is well established that on appeal of a grant of summary judgment, the appellate court must determine whether the trial court erred in concluding that no genuine issue of material fact remains and that the party was entitled to judgment as a matter of law. (Cit.) This requires a de novo review of the evidence.' [Cit.]" *Dumas v. Tripps of North Carolina*, 229 Ga. App. 814 (495 SE2d 129) (1997).

Viewed in a light most favorable to Hopkins, the nonmoving party, the evidence shows that on Easter Sunday, April 16, 1995,

Hopkins and her friend, Mary Knowles, went to Kmart to shop and spend time together. The two had selected some merchandise and were on their way to a check-out lane when Hopkins decided to purchase some cigarettes. The cigarettes were located on the other side of the check-out lanes. Hopkins planned to walk through a closed lane in order to reach the cigarettes. At the beginning of each check-out lane, where customers waited in line to purchase their chosen items, was a merchandise display holding candy, magazines and other items. Several feet away from these displays were other merchandise bins. The displays and bins created a small aisle extending across the check-out lanes. Hopkins was walking between a check-out lane merchandise display and a merchandise bin when she slipped and fell in a pool of liquid. According to Knowles, the pool was larger than a dinner plate, and there were also pieces of glass on the floor in and around the spill. Hopkins said that glass was partially hidden from view underneath the merchandise display. Hopkins stated that she did not see the substance on the floor before she fell and she had no knowledge of how long the spill had been on the floor.

Immediately after Hopkins' fall, a Kmart cashier working in a nearby check-out lane looked over at Hopkins. Hopkins said that this cashier probably could not have seen the substance on the floor from her vantage point behind a cash register. According to the store manager who cleaned up the spill and glass immediately after Hopkins' fall, there was an iced tea drink display in the vicinity of the incident and that the liquid was iced tea. The manager said he was responsible for checking the areas in front of the check-out lanes every 30 minutes and he had checked the area where Hopkins fell within 30 minutes of her fall. Kmart provided training to its employees regarding safety rules and maintaining a clean and neat work area, according to the manager. The manager and another employee working April 16, 1995, said that it was very busy that day.

"[I]n order to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier. However, the plaintiff's evidentiary proof concerning the second prong is not shouldered until the defendant established negligence on the part of the plaintiff — i.e., that the plaintiff intentionally and unreasonably exposed self to a hazard of which the plaintiff knew or, in the exercise of ordinary care, should have known." *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (493 SE2d 403) (1997).

1. Kmart argues that Hopkins failed to exercise ordinary care for her own safety because she did not look at the floor as she was walking. Kmart asserts that if Hopkins had been looking at the floor, she

would have seen pieces of glass from the broken bottle and avoided the area. However, there was no evidence that anyone saw the glass or the liquid prior to Hopkins' fall, and Hopkins testified that a large portion of the bottle was partially hidden underneath the merchandise display. There is no evidence, other than the fact Hopkins was not looking at the floor between the merchandise displays, to show that she failed to exercise ordinary care for her own safety.

The Supreme Court of Georgia has disapproved "appellate decisions which hold as a matter of law that an invitee's failure to see before falling the hazard which caused the invitee to fall constitutes a failure to exercise ordinary care. . . . Demanding as a matter of law that an invitee visually inspect each footfall requires an invitee to look continuously at the floor for defects, a task an invitee is not required to perform ([cit.]), since the invitee is entitled to assume that the owner/occupier has exercised reasonable care to make the premises safe for the invitee and continues to exercise such care while the invitee remains on the premises." *Robinson*, supra at 743.

Given the totality of the circumstances surrounding Hopkins' fall, we conclude that "the evidence does not plainly, palpably, and indisputably lead to the conclusion that the invitee's placement of her foot on a site she had not previously inspected visually is an act which is a ' "want of such prudence as the ordinarily careful person would use in a like situation." ' [Cit.]" *Robinson*, supra at 743. Accordingly, we find that summary judgment was not appropriate as a matter of law on the grounds that Hopkins failed to exercise ordinary care for her safety.

2. The remaining question is whether Hopkins properly established that Kmart had actual or constructive knowledge of the hazard. *Robinson*, supra. In the instant case, there is no evidence that Kmart had actual knowledge of the liquid and broken glass, so liability must be based on the store's constructive knowledge. Id.

"Constructive knowledge can be established with evidence that either [Kmart] failed to exercise reasonable care in inspecting the premises or an employee was in the immediate vicinity of the hazardous condition and could easily have noticed and corrected it. [Cit.]" *Hornbuckle Wholesale Florist &c. v. Castellaw*, 223 Ga. App. 198, 199 (477 SE2d 348) (1996). Regarding the first prong of proving constructive knowledge, " '[i]n seeking summary judgment, the defendant has the initial burden of showing that this theory of recovery is not viable by demonstrating that it exercised reasonable care in inspecting the premises. (Cit.) This burden may be carried by evidence of compliance with reasonable inspection procedures. (Cit.)' [Cits.]" *Anderson v. Service Merchandise Co.*, 230 Ga. App. 551, 553 (496 SE2d 743) (1998).

Here, Kmart has met this burden. The manager stated in his

affidavit that he checked the check-out lane areas every 30 minutes on the busy Easter Sunday and that he checked the area where Hopkins fell 30 minutes before her fall. There was also evidence that Kmart trained its employees on safety procedures and advised cashiers to keep their lanes neat and clean.

"Once a defendant demonstrates a lack of actionable constructive knowledge by compliance with reasonable inspection procedures, the burden shifts back to the plaintiff to show how long the foreign substance had been allowed to remain on the floor. [Cit.] . . . The plaintiff must show that the substance was on the floor for a length of time sufficient for knowledge of it to be imputed to the defendant. [Cit.]" (Punctuation omitted.) *Daniel v. John Q. Carter Enterprises*, 218 Ga. App. 223, 225 (460 SE2d 838) (1995). " 'The length of time which must exist to show that the defendant had an opportunity to discover the defect will vary with the circumstances of each case(, i.e.,) the nature of the business, size of the store, the number of customers, the nature of the dangerous condition and the store's location.' " *Kroger Co. v. Brooks*, 231 Ga. App. 650, 655 (500 SE2d 391) (1998).

Here, Hopkins admitted that she had no knowledge of the length of time the hazard was in existence. However, it is clear that the hazard was not present 30 minutes before the fall when the store manager inspected the area and found no hazard. Thus, there was some evidence of the length of time the hazard had existed. But, "in the absence of evidence [that] a reasonable inspection would have discovered the foreign substance, no inference can arise that defendant's failure to discover the [defect] was the result of its failure to inspect." (Citation and punctuation omitted.) *Brooks*, supra. Given the volume of customers Kmart had on the day of the incident and its compliance with reasonable inspection procedures, Hopkins has established no inference that the failure to discover the iced tea and broken bottle was a result of Kmart's failure to inspect. See id. Accordingly, Hopkins failed to show that Kmart failed to exercise reasonable care in inspecting the premises. *Hornbuckle Wholesale*, supra.

Turning to the second prong of constructive knowledge, we find that Hopkins has failed to put forward any evidence that an employee was in the immediate area and could easily have seen and removed the hazard. *Hornbuckle Wholesale*, supra. While the evidence in this case shows that a cashier was at a nearby register and noticed Hopkins fall, Hopkins admitted that the cashier probably could not have seen the hazard from where the cashier was standing. Accordingly, Hopkins has conceded that while a Kmart employee was in the immediate vicinity, she could not have easily seen and removed the hazard.

However, Hopkins asserts that "although an employee may not have *seen* the hazard, an employee must have *heard* the smash which resulted in the hazard being created." (Emphasis in original.) This argument amounts to pure speculation, as there is no evidence supporting it. Hopkins has not produced evidence showing that the cashier or any other employee was in the immediate vicinity when the bottle broke. Nor has Hopkins shown that the breaking of the bottle created a loud noise that Kmart employees should have heard over the other sounds in the store. In fact, there is no evidence of how the bottle broke, such as whether it dropped from a height or was kicked against the merchandise bin while the bottle lay on the floor. Therefore, Hopkins has failed to show that Kmart had constructive knowledge of the hazard.

Accordingly, as Hopkins has failed to prove Kmart had actual or constructive knowledge of the spill, the trial court properly granted Kmart summary judgment. See *Robinson*, supra at 748-749.

*Judgment affirmed. Pope, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur in the holding that defendant Kmart was entitled to summary judgment, but not in all that is written to that end.

1. The first issue is whether there is evidence that Kmart had actual or constructive knowledge of the liquid and broken glass on the floor. This should be the first inquiry because, as repeated in *Robinson v. Kroger Co.*, 268 Ga. 735, 736 (1) (493 SE2d 403) (1997), plaintiff is charging defendant with breach of the statutory duty of owners and occupiers of land "to keep the premises safe (OCGA § 51-3-1), and the fundamental basis for an owner or operator's liability [is] that party's superior knowledge of the hazard encountered by the plaintiff." Since, as the majority concluded in Division 2, Kmart has established by undisputed evidence that Hopkins cannot show that the inspection procedure a short time before her fall was deficient in failing to discover (and remove) the hazard because she could not say it was there before the recent inspection, no further analysis is necessary. No issue of fact remains as to whether there was a reasonable inspection procedure timewise. And no issue of fact is raised by conflicting evidence which, on one side, tends to show the hazard was on the floor before the inspection and, on the other side, tends to show the hazard was created thereafter. The only evidence is that of Kmart, which creates a reasonable inference that the hazard was created after the inspection. As a result, a jury could not find that Kmart had constructive knowledge of the hazard. Summary judgment is compelled on that basis alone. There is no need for attention to whether plaintiff Hopkins knew or should have known of the

danger and avoided it. I do not join in Division 1.

2. In Division 2 the majority opinion states, as relevant, the principle that " 'in the absence of evidence [that] a reasonable inspection would have discovered the foreign substance, no inference can arise that defendant's failure to discover the defect was the result of its failure to inspect.' " This does not apply in this case because, considering the nature of the hazard, it being a larger-than-dinner-plate size pool of iced tea and broken glass, a jury could find that a reasonably alert inspection would have discovered it. More to the point is that there was a reasonable inspection timewise, as a matter of law, and no evidence the substances were then present for the inspector to see.

3. Finally, the majority opinion concludes in Division 2 that "Hopkins has failed to prove Kmart had actual or constructive knowledge of the spill." In order to avert summary judgment, Hopkins as plaintiff was not obligated to prove her case. She was only saddled with the necessity to produce some evidence, so as to create an issue of fact, that Kmart had constructive knowledge of the hazard. *Deloach v. Food Lion*, 228 Ga. App. 393, 395 (491 SE2d 845) (1997).

DECIDED MAY 11, 1998.

*Anthony G. Knowles*, for appellant.

*Chambless, Higdon & Carson, Marc T. Treadwell, John J. Makowski*, for appellee.