A04A1255. MASSEY v. THE STATE.
(603 SE2d 431)

MILLER, Judge.

Following a jury trial, Sheri L. Massey was convicted of theft by taking and sentenced to ten years. She appeals, contending that the

---

trial court erred in (1) limiting counsel's cross-examination of a witness; (2) admitting into evidence a copy of certain store records; (3) admitting Massey's bank records into evidence; and (4) denying her motion for directed verdict of acquittal. We discern no error and affirm.

Construed in favor of the verdict, the evidence showed that on April 18, 2002, Massey purchased two fine jewelry items for $4,365.60 from a major department store. Massey paid for these items with a check drawn on her bank account. Four days later, Massey returned one of the items and received a credit on her bank check card for $3,980.40. On April 24, Massey placed a stop payment on the check she used to purchase the items. The store lost $4,365.60 on the transaction, $3,980.40 for the credit to Massey's bank check card, and $260 plus tax for the other items purchased with the check. The loss prevention manager for the store filed a police report and later spoke with an officer about the incident.

In May 2002, Massey contacted the store manager to inquire why her bank account had been closed. The manager informed her that he had contacted her bank regarding the transactions. Massey then asked the store manager if there was "any way this could be taken care of." The store manager informed Massey that it was up to the police. Later, Massey had a cashier's check made out to the store in the amount of $4,365.60, and had it delivered to the store manager. The manager contacted Massey's bank to determine whether the check was good and discovered that the cashier's check could not be cashed.

Massey was arrested on May 27, 2002, and charged with theft by taking. At trial the manager testified about the purchase and return transactions with the aid of copies of the sales and return receipts. He testified that the receipts were from his store and his department. Further, he testified that the receipts were kept electronically by his store as part of their normal business practice. The receipts were created on the day that the transaction occurred, and were kept under the manager's control. The driver's license on the sales receipt and return receipt matched the number Massey gave the police officer as her own. The receipts indicated that on April 18, 2002, Massey, identified by her driver's license number, purchased two items at the fine jewelry counter at the department store. Further, there was a return transaction for one of the items purchased. The return was for $3,980.40 credited back to Massey's check card.

An investigator with the corporate security department of Massey's bank testified about the activity of her bank account in April and May 2002. The investigator explained Massey's account profile, a copy of which was provided to the jury as State's Exhibits 4 and 5. In his testimony, the investigator stated this was the type of record kept

in the normal course of business for the bank. The investigator interpreted the documents, explaining a stop payment had been placed on the check written to the department store. The investigator testified that he never received a report that there had been any theft of Massey's account or checkbook.

The jury found Massey guilty of theft by taking, and the trial court sentenced her to ten years, six to serve with the balance on probation. Massey appeals.

1. Massey argues the trial court erred by limiting her cross-examination of the manager, which led to the admission of business records that Massey contends should have been excluded. As Massey's counsel concedes, however, no specific objection was raised to challenge the admission of this evidence based on the trial court's limitation of counsel's cross-examination of the state's witness. When an issue that is alleged to constitute error on appeal is not preserved at trial by perfecting the record, there is nothing for this Court to review and the issue on appeal is waived. See, e.g., *Brewer v. State*, 219 Ga. App. 16, 18 (2) (463 SE2d 906) (1995).

2. Massey argues the court erred by admitting into evidence copies of the sales and return receipts of the items that she purchased. She argues that the witness who testified about the documents that were subsequently admitted into evidence had no direct knowledge about the manner in which records were kept in the store, and because of this lack of firsthand knowledge, the witness was not qualified to establish a foundation for the documents to be admitted under the business records exception to the hearsay rule. We disagree.

The decision whether or not to admit an item into evidence is within the discretion of the trial court, whose determinations will not be disturbed on appeal unless they constitute an abuse of that discretion. *Jackson v. State*, 252 Ga. App. 268, 272 (4) (555 SE2d 908) (2001). Although hearsay evidence is generally inadmissible, OCGA § 24-3-14 provides an exception for the admission of business records that would otherwise be excluded as hearsay. See *Allen v. State*, 248 Ga. 676, 680 (3) (286 SE2d 3) (1982).

For a writing to be admissible under the business records exception to the hearsay rule, OCGA § 24-3-14 (b) provides that a foundation must be laid through the testimony of a witness indicating that he or she is familiar with the method of keeping the records. The witness must be able to testify that the record was made (1) in the regular course of business, and (2) at the time of the event or within a reasonable time of the event. See id. The documents identified need not have been made by the witness, nor must the witness have had the documents under his or her control or supervision. The witness simply must be aware of the method of keeping the documents. *Hertz*

*Corp. v. McCray*, 198 Ga. App. 484, 485 (2) (402 SE2d 298) (1991). The witness's lack of personal knowledge of how the documents were made will affect the weight given to such evidence, not its admissibility. *Smith v. Bank of the South*, 141 Ga. App. 114 (232 SE2d 629) (1977).

The manager testified that the sales and return receipts came from his department and were kept under his control. He provided testimony that the documents were produced in the normal course of business, and were produced at the time the transaction occurred. He was not responsible for making the documents, but he was aware of the method of keeping them. This testimony provided the foundation necessary for the documents to be introduced and admitted into evidence under the business records exception to the hearsay rule. For this reason, the trial court did not abuse its discretion in admitting these documents into evidence. See *Neill v. State*, 247 Ga. App. 152, 153 (1) (543 SE2d 436) (2000); see also *Jones v. State*, 247 Ga. 268, 271 (5) (275 SE2d 67) (1981).

3. Massey argues the trial court erred in admitting her bank records into evidence. She argues the documents were not prepared and transmitted to the police officer by the corporate security investigator who testified regarding the documents, but by his colleague, and therefore the trial court abused its discretion in admitting them into evidence. We disagree.

As noted above, to enter a business record into evidence a foundation must be laid to establish that the record was made in the normal course of business and at the time of the event or within a reasonable time of the event. The witness need not have prepared the document, but must be aware of the method of keeping the document. *Hertz Corp.*, supra, 198 Ga. App. at 485 (2). The bank's corporate security investigator testified that the records were produced as a normal business practice. He further testified that he was aware of the method of keeping the documents. The documents were essentially lists of transactions involving the account, with the date of each transaction clearly marked. Additionally, the documents themselves were printed shortly after the transactions occurred. The trial court did not abuse its discretion in admitting the bank records into evidence. *Bank of the South*, supra, 141 Ga. App. at 114.

4. Massey argues the trial court erred in denying her motion for a directed verdict of acquittal because there was insufficient evidence to support her conviction for theft by taking. We disagree.

The standard of review for considering the sufficiency of the evidence and for reviewing the denial of a motion for a directed verdict of acquittal is the same. *Garrett v. State*, 184 Ga. App. 715, 716 (3) (362 SE2d 423) (1987). We view the evidence in the light most

favorable to the verdict, and Massey no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine whether a witness is credible, but only determine whether the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that Massey was guilty of theft by taking. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). For a conviction based on circumstantial evidence to stand, the facts must prove not only the hypothesis of guilt, but must exclude every other reasonable hypothesis but the guilt of the accused. OCGA § 24-4-6. "[T]he evidence need not exclude every inference or hypothesis." (Citation omitted.) *Joiner v. State*, 257 Ga. App. 375, 376 (1) (571 SE2d 430) (2002). Whether the circumstances exclude every reasonable hypothesis except for Massey's guilt was a question for the jury. *Matthews v. State*, 257 Ga. App. 886, 887 (1) (572 SE2d 391) (2002); *Smith v. State*, 255 Ga. App. 797, 798 (567 SE2d 322) (2002).

In order to convict Massey of theft by taking, the State had to prove that Massey unlawfully took the property of the department store with the intention of depriving the department store of the property. OCGA § 16-8-2. Massey purchased the items from the department store with a check, returned one of the items and received an instant credit on her check card, and then stopped payment on the original check. She asked the manager if there was "any way this could be taken care of[?]" The jury could have interpreted this statement to mean that Massey was aware of what she had done and had acted with the intent to deprive the department store of its property when she stopped payment on the check. Later she had a cashier's check delivered to the manager to pay for the items, but the check was not valid. This evidence was sufficient for the jury to find Massey guilty of theft by taking, and the court did not err in denying Massey's motion for a directed verdict of acquittal. *Shores v. State*, 240 Ga. App. 189, 194 (1) (b) (522 SE2d 515) (1999).

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JULY 23, 2004 —
RECONSIDERATION DISMISSED AUGUST 16, 2004.

*William V. Hall, Jr.*, for appellant.
*Paul L. Howard, Jr., District Attorney, Eric K. Dunaway, Alvera A. Wheeler, Assistant District Attorneys*, for appellee.