A09A1894. LOYAL v. THE STATE.
(684 SE2d 124)

BLACKBURN, Presiding Judge.

Following a jury trial, Charles Loyal was convicted of a single count of theft by taking.[1] He now appeals that conviction, asserting that the trial court erred by admitting into evidence the security log of his former employer, without requiring the State to establish a proper foundation for the same. Discerning no error, we affirm.

"The admission of evidence lies within the sound discretion of the trial court, and we will not reverse such determinations absent abuse of that discretion." *Santana v. State*.[2]

Viewed in the light most favorable to the verdict, *Drammeh v. State*,[3] the record shows that between February 2001 and June 2007, Loyal was employed by Flooring Services, a company that provided flooring materials and installation services to residential builders. Loyal worked as a supervisor at a warehouse facility in Gwinnett County, where he was responsible for taking delivery of products from suppliers and managing the warehouse inventory, among other

---

[1] OCGA § 16-8-2.

[2] *Santana v. State*, 283 Ga. App. 696, 698 (1) (642 SE2d 390) (2007).

[3] *Drammeh v. State*, 285 Ga. App. 545, 546 (1) (646 SE2d 742) (2007).

things. Access to the warehouse was controlled by an electronic security system, which required any employee unlocking or locking the warehouse to enter a personal identification number ("PIN"), assigned to that employee by Flooring Services's human resources department. Information showing the dates and times when the warehouse facility was locked and unlocked, and the PIN used to access the facility, was collected and stored electronically by Flooring Services's security company. The security company would provide this information upon request to Flooring Services, via a computer printout.

In June 2007, members of Flooring Services's management team conducted an audit of its inventory and discovered that a significant amount of product was missing from the warehouse facility where Loyal worked. This discovery prompted an internal investigation. As part of that investigation, Flooring Services asked its security company to provide it with a printout of the electronic security log for the warehouse for the time period between January 8, 2006 and June 7, 2007. The State introduced that log into evidence at trial, which showed that Loyal and another warehouse employee had entered the warehouse on a number of occasions "after hours" — i.e., at times when Flooring Services was not open for business.

When interviewed, the other warehouse employee eventually admitted that he and Loyal had been removing flooring products from the warehouse and selling the stolen goods to third parties. Flooring Services's management team also interviewed Loyal, but he denied any knowledge of the missing inventory. The company fired both men and turned the matter over to the Gwinnett County Police Department. As a result of the police investigation, Loyal and the other employee were arrested and charged with theft by taking.[4]

Following his conviction, Loyal filed a motion for a new trial, but he subsequently withdrew the same and instead sought leave to file an out-of-time appeal. The trial court granted his motion for an out-of-time appeal, and this appeal followed.

The sole issue before us is whether the trial court erred in admitting the warehouse security log pursuant to the business records exception to the hearsay rule, OCGA § 24-3-14.[5] Before admitting a document into evidence under the business records

---

[4] The other employee pled guilty and testified against Loyal at trial.

[5] That statute provides, in relevant part:

Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event shall be admissible in evidence in proof of the act, transaction, occurrence, or event, if the trial judge shall find that it was made in the regular course of any business and that

exception, "a witness must lay a foundation indicating that he or she is aware of the method of keeping the documents." *Santana*, supra, 283 Ga. App. at 698 (1). This requirement is met, and thus a proper foundation is established, where the witness is "able to testify that the record was made (1) in the regular course of business, and (2) at the time of the event or within a reasonable time of the event." *Massey v. State*.[6]

The trial court below admitted the security log after a Flooring Services's vice president testified that (1) the log was kept electronically, in the regular course of business; and (2) the data in the log reflecting when and by whom the warehouse was locked and unlocked was entered into the log contemporaneously with the events themselves. On appeal, Loyal argues that this testimony failed to demonstrate that Flooring Services's vice president was familiar with the method for keeping the security log, because he did not assign the employee PINs recorded in the log and he did not "monitor" the security log. This argument, however, is directly refuted by our recent decision in *Hamilton v. State*.[7]

In *Hamilton*, this Court held that the testimony of a motel housekeeping supervisor "that each time someone used a key card to enter a guest room, the motel computer made a record of the card used and the time," established a proper foundation for the admission of a computer printout of the motel's electronic lock log. Id. at 48 (1). We rejected the defendant's argument that the housekeeping supervisor, who had little, if any, knowledge about the specifics of the log, was not qualified to establish the requisite foundation, explaining:

> [the housekeeper] did not have to personally maintain the [electronic lock log] in order to lay a proper foundation for [its] admission: The business records exception does not require that the person laying the foundation for the admission of business records be the custodian of the records. Instead, it requires [only] that the record offered to prove an act or transaction be made in the regular course of business and that it is the regular course of business to make the record at the time of the act or transaction. The witness's lack of personal knowledge regarding how the

---

it was the regular course of such business to make the memorandum or record at the time of the act, transaction, occurrence, or event or within a reasonable time thereafter.
OCGA § 24-3-14 (b).

[6] *Massey v. State*, 269 Ga. App. 152, 154 (2) (603 SE2d 431) (2004).

[7] *Hamilton v. State*, 297 Ga. App. 47 (676 SE2d 773) (2009).

records were created does not render them inadmissible, but merely affects the weight given to the evidence.

(Citations and punctuation omitted.) Id. at 48-49 (1). See also OCGA § 24-3-14 (c) ("[a]ll other circumstances of the making of the writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight; but they shall not affect its admissibility"); *Santana*, supra, 283 Ga. App. at 698 (1).

The same logic applies to the current facts. Accordingly, the trial court did not err in finding that the testimony of Flooring Services's vice president established the requisite foundation for the admission of the warehouse security log.

*Judgment affirmed. Adams and Doyle, JJ., concur.*

DECIDED SEPTEMBER 10, 2009.

*Mary Erickson*, for appellant.
*Daniel J. Porter, District Attorney, Alston C. McNairy, Assistant District Attorney*, for appellee.